**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VERNELL N. GRIGGS,

    Plaintiff,

vs.                                CASE NO. 3:04-cv-1157-J-HTS

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Petition for Attorney's Fees (Doc. #21; Petition). It is represented Defendant has no objection to the amount sought in the Petition. Petition at 2-3.

A total of 18.2 hours were expended in the representation of Plaintiff before the Court. *Id.* at 2, 5, 8, 9. Plaintiff seeks a total payment of $2,815.62 in fees. *Id.* at 1, 2, 5, 6, 8, 9. This is based on an hourly rate of $152.70 for 3 hours expended in 2004, and $155.10 per hour for 15.2 hours of work performed in 2005. *Id.* at 2, 4-5; *see also id.* at 8-9.

Having reviewed the Petition and case file herein, the Court finds Plaintiff satisfies the statutory requirements for an award of fees. *See* 28 U.S.C. § 2412(d). However, the Court concludes the correct maximum hourly rate is $150.49 for 2004 and $154.96 for

2005.[1]  Thus, Plaintiff may reasonably be awarded $2,806.86 in attorney fees.[2]

Accordingly, the Petition (Doc. #21) is **GRANTED** to the extent the Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney fees in the amount of $2,806.86.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of August, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any

---

[1]  To determine the correct hourly rate, adjusted for inflation, the Court used http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 22, 2005).

[2]  The fees sought by Plaintiff are slightly more than the amount allowed under the Equal Access to Justice Act, 28 U.S.C. § 2412, accounting for adjustments due to the increase in the cost of living.  See § 2412(d)(2)(A).
    While the Court does not intend to undermine the parties' agreement, it is unable to award the amount requested, based on the number of hours listed in the Petition, as it exceeds the amount allowed by 28 U.S.C. § 2412.  In this case, having determined the applicable hourly rates based on the years in which the services were performed, the Court awards the lodestar amount, which is the hourly rates multiplied by the number of hours expended in representing Plaintiff.